```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF GEORGIA
                    ATLANTA DIVISION
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL ACTION |
| PASQUALE PETER GODUTO | : | NO. 1:11-CR-230-03-JEC-GGB |
| | : | |

**GOVERNMENT'S MEMORANDUM RE: SENTENCING OF PASQUALE GODUTO**

Comes now the United States of America, by Sally Quillian Yates, United States Attorney, and Elizabeth M. Hathaway and C. Brock Brockington, Assistant United States Attorneys for the Northern District of Georgia, and files this Memorandum Re: Sentencing of Pasquale Goduto.

**I.**

**SENTENCING GUIDELINE CALCULATION**

In the PSR, the parties dispute the number of prescriptions Defendant passed. Specifically, during the course of this investigation, the Government received information that Defendant passed three prescriptions, while Defendant insisted that he only passed one. See PSR ¶¶ 33, 38. Upon further investigation in preparation for sentencing, the Government now believes that Defendant is correct: there is only evidence to support Defendant's passing of the May 24, 2010 prescription for 120 30mg oxycodone tablets, which converts to approximately 24 kilograms of marijuana. Further, Defendant should receive a three-level downward adjustment

for acceptance of responsibility. Accordingly, Defendant's Guideline should be calculated as follows:

| | |
|---|---|
| Base Offense Level: | 18 |
| <u>Acceptance of Resp:</u> | <u>-3</u> |
| **Total** | **15**[1] |
| **Criminal History:** | **I** |
| **Range** | **18-24 months** |

## II.

### RESPONSE TO SENTENCING POSITION

In his sentencing position, Defendant asks the Court to vary based on the alleged impact incarceration will have on his VA benefits. Doc. 412-2-3. In support, Defendant relies on Drew Early an individual who purportedly specializes in military benefits. <u>Id.</u> at 3. First, the Government objects to any reliance on Mr. Early's information, as Defendant has provided no notice or information that would qualify Mr. Early as an expert.

Nevertheless, Defendant requests a variance on the basis that he would lose a "significant portion" of his VA benefits if he is incarcerated for more than 60 days. Doc. 412-3. Defendant has not explained how this is so.

While it is true that a veteran who is incarcerated for more than 60 days will have his or her benefits reduced during the period of incarceration, 38 U.S.C. § 5313(a)(stating that benefits

---

[1] For the reasons stated in the Government's General Sentencing position, Defendant should not receive a minor role adjustment.

will be lost "for the period beginning on the sixty-first day of such incarceration and <u>ending on the day such incarceration ends</u>"); <u>see also</u> 38 C.F.R. § 3.665(a), this reduction is not surprising nor punitive. To the extent that benefits are to ensure that the veteran has food and housing, those needs are provided by the Bureau of Prisons during incarceration. It is not surprising that VA benefits are reduced when the government is otherwise supplying these needs. Indeed, if the benefits were not reduced, a veteran in custody would effectively be receiving <u>higher</u> benefits than a veteran not in custody.

The benefits a veteran receives while in custody are dictated by statute. 38 U.S.C. §§ 5313(a), 1114. A person with a total disability is to receive a monthly income of $2,673. <u>Id.</u> Currently, Defendant receives disability income of $3,130. PSR ¶ 85. Thus, while incarcerated, Defendant would receive 85% of his disability benefits. A 15% loss of benefits -- especially when the Government will be providing for Defendant's food and shelter needs -- can hardly be construed as a "significant portion" of his benefits. Further, as Defendant readily admits, his full disability benefits will likely be reinstated when he is released. Doc. 412-3; <u>see also</u> 38 U.S.C. § 5313(a)(stating that benefits will be lost only "for the period beginning on the sixty-first day of such incarceration and <u>ending on the day such incarceration ends</u>");

see also 38 C.F.R. § 3.665(i) (resumption of benefits upon release from custody).

Next, while Defendant suggests that incarceration may effect his healthcare benefits, he fails to show how. Doc. 412-3. He also admits that any loss (which may be occur if his medical care is handled by the Bureau of Prisons) may be reinstated upon his release. Id.

Thus, Defendant has provided no basis for the Court to vary downward. Indeed, considering the § 3553(a) factors -- especially the need to provide medical care (especially substance abuse treatment) and the need to avoid unwarranted sentencing disparities -- the Court should impose a Guideline sentence.

**IV.**

**CONCLUSION**

For the foregoing reasons, the Court should find that Defendant's Offense Level is 15 and his Criminal History is Category I, and should sentence him to 18 months incarceration.

Dated: This 7th day of May, 2013.

>
> Respectfully submitted,
>
> SALLY QUILLIAN YATES
> UNITED STATES ATTORNEY
>
>
> ELIZABETH M. HATHAWAY
> ASSISTANT U.S. ATTORNEY
> Bar No. 076212
>
> C. BROCK BROCKINGTON
> ASSISTANT U.S. ATTORNEY
> Bar No. 775084
>
> 600 U.S. Courthouse
> 75 Spring Street, SW
> Atlanta, Georgia 30303
> Telephone: (404) 581-6000
> Facsimile: (404) 581-6181

**<u>CERTIFICATION OF SERVICE</u>**

This is to certify that the undersigned has this date electronically served the counsel of record in this case the foregoing Sentencing Memorandum.

This the 7th day of May, 2013

_____
ELIZABETH M. HATHAWAY
Assistant United States Attorney